## JON WENC v. CITY OF NEW LONDON ET AL. (15145)

Callahan, Borden, Norcott, Katz and Palmer, Js.

Argued September 20—decision released November 14, 1995

*Donald R. Beebe,* with whom was *David J. O'Dea,* for the appellant (plaintiff).

*Michael F. O'Connor,* for the appellees (defendants).

PER CURIAM. The sole issue on appeal is whether the trial court properly granted the defendants' motion to strike each of the three counts set forth in the plaintiff's complaint because he failed to bring his claims under General Statutes § 13a-149.[1] The trial court con-

[1] General Statutes § 13a-149 provides: "Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be

cluded that the allegations in each of the three counts in the plaintiff's complaint supported a cause of action arising from a "highway defect." Therefore, because § 13a-149 is the exclusive remedy against a municipality for an injury or damage sustained as a result of a highway defect; *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 592 A.2d 912 (1991); the plaintiff's failure to plead a cause of action under that provision rendered his complaint legally insufficient. The trial court accordingly rendered judgment for the defendants. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The record discloses the following undisputed facts. The plaintiff was a passenger in a motor vehicle, owned and operated by George Tsipas, when the vehicle, "sliding in the north bound lane" of Pequot Avenue, "a roadway and/or public highway" in New London, struck a utility pole, on which a light had been mounted, thereby causing the plaintiff to sustain serious physical injury. The plaintiff thereafter brought this action against the city of New London and various divisions of the municipality and its employees,[2] in which he alleged that the

given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[2] Specifically, the plaintiff brought this action against the following persons and municipal entities: the city of New London, the town of New London, the selectmen, the city council, the common council, the director of public works and utilities, the department of public works and utilities, the superintendent of highways, C. Francis Driscoll, the city manager, individually and in his official capacity, Melvin J. Jetmore, Jr., Martin T. Olsen, Jr., Dorothy

pole, and the condition created by it, was "permitted, allowed, created, erected, installed, owned, controlled, possessed, leased, participated in, and/or maintained" by the defendants in that they, inter alia, "allowed the pole to be placed in a highway . . . by which the passage of travelers was obstructed or endangered or the highway encumbered." The plaintiff alleged further that the defendants "[u]nreasonably and/or unlawfully failed to move said pole or take other precautions and/or remedial actions to eliminate and/or lessen the natural tendency of this pole to create danger and inflict injury upon person or property." Claiming violations of General Statutes §§ 19a-335 and 16-228,[3] on the basis of the aforementioned conduct, the plaintiff claimed that the defendants had created and/or maintained an absolute and negligent nuisance in the first and third counts, respectively. Additionally, incorporating the aforementioned allegations, the plaintiff claimed that the defend-

B. Leib, Anthony Basilica, William Nahas, William L. Satti, Leo E. Jackson, Marie Ann Gravel, Michael Fortunato, Gregory P. Massad, the police department and Richard A. Kistner, the chief of police, and James McDermott, the city engineer.

[3] General Statutes § 19a-335 provides: "Nuisances on highways. If any person places anything, or permits anything to remain, in a highway, or digs up the ground therein, by which the passage of travelers is obstructed or endangered or the highway encumbered, the same shall be a common nuisance, and such person shall be fined not more than fifty dollars; and the court, before which the conviction is had, shall order the defendant to remove such nuisance within thirty days, and, on his failure to do so, it shall be removed at his expense by a constable of the town, and such court may tax such expense and issue an execution therefor."

General Statutes § 16-228 provides: "Telegraph and telephone lines. Each telegraph company may maintain and construct telegraph lines, and, subject to the restrictions of sections 16-18, 16-248, 16-249 and 16-250, each telephone company may construct and maintain telephone lines, upon any highway or across any waters in this state, by the erection and maintenance of the necessary fixtures, including posts, piers or abutments, for sustaining wires; but the same shall not be so constructed as to incommode public travel or navigation or injure any tree without the consent of the owner, nor shall such company construct any bridge across any waters. Such lines shall be personal property."

ants' actions or inactions were in violation of General Statutes § 52-557n.[4]

In reliance on our recent decision in *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 202–

[4] General Statutes § 52-557n provides: "Liability of political subdivision and its employees, officers and agents. Liability of members of local boards and commissions. (a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.

"(b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: (1) The condition of natural land or unimproved property; (2) the condition of a reservoir, dam, canal, conduit, drain or similar structure when used by a person in a manner which is not reasonably foreseeable; (3) the temporary condition of a road or bridge which results from weather, if the political subdivision has not received notice and has not had a reasonable opportunity to make the condition safe; (4) the condition of an unpaved road, trail or footpath, the purpose of which is to provide access to a recreational or scenic area, if the political subdivision has not received notice and has not had a reasonable opportunity to make the condition safe; (5) the initiation of a judicial or administrative proceeding, provided that such action is not determined to have been commenced or prosecuted without probable cause or with a malicious intent to vex or trouble, as provided in section 52-568; (6) the act or omission of someone other than an employee, officer or agent of the political subdivision; (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for

203, the trial court determined that the allegations contained in counts one and three of the plaintiff's complaint supported a cause of action arising from a "highway defect, or in the language of the statute, part of a 'defective road.' " The trial court concluded that "[b]ecause General Statutes § 13a-149 is the plaintiff's sole remedy for a cause of action within the terms of the defective highway statute, the plaintiff's failure to allege a cause of action under [it] is dispositive of the plaintiff's other allegations of statutory violations." The trial court also struck the plaintiff's second count, again relying on *Sanzone* v. *Board of Police Commissioners*, supra, 192, wherein we construed § 52-557n "to provide that an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision 'for damages

health or safety; (8) failure to make an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances; (9) failure to detect or prevent pollution of the environment, including groundwater, watercourses and wells, by individuals or entities other than the political subdivision; or (10) conditions on land sold or transferred to the political subdivision by the state when such conditions existed at the time the land was sold or transferred to the political subdivision.

"(c) Any person who serves as a member of any board, commission, committee or agency of a municipality and who is not compensated for such membership on a salary or prorated equivalent basis, shall not be personally liable for damage or injury occurring on or after October 1, 1992, resulting from any act, error or omission made in the exercise of such person's policy or decision-making responsibilities on such board, commission, committee or agency if such person was acting in good faith, and within the scope of such person's official functions and duties, and was not acting in violation of any state, municipal or professional code of ethics regulating the conduct of such person, or in violation of subsection (a) of section 9-369b or subsection (b) or (c) of section 1-21i. The provisions of this subsection shall not apply if such damage or injury was caused by the reckless, wilful or wanton misconduct of such person."

resulting from injury to any person or property by means of a defective road or bridge.' "

The trial court's thorough analysis of the plaintiff's complaint is fully supported by the record before it and by the authorities upon which it relied. We are not persuaded by the plaintiff's arguments to the contrary.[5] It would serve no purpose to repeat what the trial court has already so aptly stated. *Wenc* v. *New London*, 44 Conn. Sup. 45, 667 A.2d 87 (1995).

The judgment is affirmed.

---

[5] To the extent that the plaintiff, on appeal, seeks to argue that the trial court should have denied the motion to strike based upon a claim under General Statutes § 7-232 or General Statutes § 13a-152, we decline to consider this argument, which should have been addressed in the first instance to the trial court. See Practice Book § 4185. Indeed, the complaint fails to allege any violation of these statutes. Furthermore, the record does not disclose a motion for articulation in which the plaintiff indicated to the trial court that it had not addressed all the issues that the plaintiff sought to have resolved. See Practice Book § 4051.