[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. General
In two separate motions, identical except as to named parties, the defendants have moved to strike each of the four counts of the plaintiffs' complaint. The plaintiffs timely objected to the motions. According to the Plaintiffs' Revised Complaint, John Andrew Willequer, a minor, was riding his bicycle in an easterly direction while on Norton Street in Bristol, on August 26, 1994, at approximately 2 p.m. At the same time, an automobile was traveling on Talmadge Street in Bristol, in a southerly direction approaching the intersection with Norton Street. Shrubs that rose above three feet off the ground were growing beside Talmadge Street on the west side for about 25 feet running north from Norton Street. The shrubs were set back approximately nine and a half feet from Talmadge Street. Similarly, shrubs taller than three feet were growing along the north side of Norton Street, a distance of approximately 25 feet from the intersection with Talmadge, and set back 7 feet 10 inches from Norton Street. The vehicle and bicycle rider collided where the two roads intersect. It is alleged that the collision CT Page 38-G threw John Andrew Willequer and caused him to fall and incur very serious, lifelong, injuries.
The plaintiffs, William E. Espowood, guardian of the estate of John Andrew Willequer and Roger Willequer, Jr., the victim's father, brought suit to recover for damages against the City of Bristol and numerous governmental employees. The first count of the Plaintiff's Revised Complaint alleges that the City of Bristol is liable for keeping dangerous and defective highways. It includes an allegation of a violation of Connecticut General Statutes § 13a-149 along with breaches of various statutory duties. The second count alleges negligence as to all defendants. The third count claims that the City of Bristol must indemnify the individually named defendants to the extent of any legal obligations in damages they are required to pay to the plaintiffs. And the fourth count claims violation of mandated duties pursuant to C.G.S. §§ 13a-120, 21-26 (6), 21-29, and to 46B of Bristol Code of Ordinances.
Two issues are raised that must be addressed. The first asks the court to decide as a matter of law whether or not the cause of harm alleged by the plaintiffs amounts to a statutory highway defect. The second issue, applicable only if the first is answered in the negative, asks whether the court should permit the plaintiff to proceed on alternative theories of liability CT Page 38-H where the court cannot hold as a matter of law on the facts alleged in the complaint that the cause of harm was a "highway defect".
II. Motions to Strike. Generally
"In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the complaint;" Waters v. Autori,236 Conn. 820, 825, ___ A.2d ___ (1996); and "the grounds specified in the motion." Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). The facts in the complaint must be considered most favorably to the plaintiff. Waters v.Autori, supra, 236 Conn. 825. Facts that are necessarily implied by the allegations in a complaint will be deemed sufficiently pleaded and, therefore, need not be expressly alleged. Bouchardv. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autori, supra,236 Conn. 826.
III. Highway Defect Cases
Pursuant to Connecticut General Statutes § 13a-149, "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." A defective road includes "[a]ny object CT Page 38-I in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position would be likely to produce that result . . ." (Internal quotation marks omitted, citations omitted.) Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 202, 592 A.2d 912 (1991). The condition "must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that failure to employ such measures would be regarded as a lack of reasonable repair." Combav. Ridgefield, 177 Conn. 268, 271, 413 A.2d 859 (1979). "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." (Emphasis added.) Sanzone v.Board of Police Commissioners, supra, 219 Conn. 201.
The facts alleged in the instant complaint do not provide a clear basis for deciding whether the shrubs constituted a highway defect or not as a matter of law and that the court declines to rule on that issue at this juncture.
The Supreme Court has stated that a court may determine, on a motion to strike, whether the facts alleged, if true, would amount to a highway defect as a matter of law. Id. Here, the CT Page 38-J allegations place the shrubs nine and a half feet from the curb of the road along which the offending driver was traveling, and almost eight feet from the curb along which the bicycling victim passed, seemingly providing a broad view of the corner around which each traveler needed to see. They do not indicate whether and/or where a sidewalk may have existed. Nor do the allegations state on which side of Norton Street, north or south, the bicyclist was traveling as he approached Talmadge Street or the width of either street described in the allegation. Without these facts, the court must refrain from deciding as a matter of law whether the height and length of the shrubs necessarily obstructed or hindered the use of the roads thereby creating a defect for which the municipality and its employees would have any statutory duty. Id. 202.
While our Supreme Court has frowned upon alternative pleading when a highway defect is apparent; see Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 203; it has not conclusively held that pleading alternatives to the defective highway statute is prohibited. Id. On the contrary, the Supreme Court, after determining that the traffic light that allegedly caused the injury was "[u]nquestionably" a highway defect as a matter of law, expressly refused to decide what "the impact [of C.G.S.] § 52-572n would [be] in another case in which the statutory status of an accident's cause could not be established prior toCT Page 38-Ktrial." (Emphasis added.) Id. Similarly and more recently, the Court construing a C.G.S. § 13a-149 claim declined to "invalidate [a] plaintiff's [statutorily required] notice as a matter of law merely because the plaintiff's complaint sought damages pursuant to the alternative theory of nuisance. SeeDreier v. Upjohn Co., 196 Conn. 242, 245, 492 A.2d 164 (1985) ('[under our pleading practice, a plaintiff is permitted to advance alternative or even inconsistent theories of liability against one or more defendants in a single complaint')." Pratt v.Old Saybrook, 225 Conn. 177, 184, 621 A.2d 1322 (1993). The case relied on by the defendant is does not hold otherwise. In Wenc v.New London, 235 Conn. 408, 667 A.2d 61 (1995), the trial court concluded that the allegations in each of the plaintiff's three counts arose out of a "highway defect," a pole in the traveled way, and that the plaintiff's failure to plead a cause of action under the highway defect statute rendered the complaint insufficient. Id. That case supports the proposition that C.G.S. § 13a-149 provides an exclusive remedy for injuries caused by defective roads, after the cause has been determined to be a "highway defect," but does not reach the issue before this court.
Judge Pellegrino's recent decision, that alternative pleading of highway defect and non-highway-defect claims, where the status of the alleged cause of harm as a highway defect or not has not been established is persuasive. Marcoux v. City of Waterbury etCT Page 38-Lal., Superior Court, judicial district of Waterbury, Docket No. 131227 (June 4, 1996, Pellegrino, J., 17 Conn. L. Rptr. No. 7, 239). While conceding that the defendant is correct that C.G.S. § 13a-149 limits a plaintiff's remedies, this court agrees with Judge Pellegrino that alternative pleading of defective highway claims is permissible in the absence of a determination by the court or fact finder that the cause of the alleged harm is a "highway defect" invoking the benefits and limitations of the statute and denies the motion to strike on that ground. The plaintiffs' allegations, as challenged, and viewed favorably for purposes of this motion, state claims upon which relief may be granted.
The court finds that the facts alleged in the plaintiff's complaint do not provide a clear basis upon which the court may rule as a matter of law that the alleged cause was a highway defect, and the court, in its discretion, declines to enter such a ruling at this stage of the litigation. While the defendant is correct that where it has been established that cause of injury alleged is a "highway defect," under C.G.S. § 13a-149, recovery under any other theory of liability is precluded; the plaintiff may nevertheless proceed under alternative theories of liability until such time as the issue of the status of the cause of harm is decided.
It is therefore held that the motion to strike is denied. CT Page 38-M
ROB F. STENGEL JUDGE, SUPERIOR COURT