[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard Murano, filed a complaint dated March 17, 1995 asserting two theories of recovery. He alleges that on April 10, 1994 he was operating a motor vehicle in the city of New Haven and that he encountered a dangerous road condition in the form of a pothole. As a result, the plaintiff alleges that he experienced a blow-out of one of his motor vehicle's tires and suffered personal injuries and property damage. The first count alleges in part, that the city of New Haven breached its statutory duty "to keep and maintain the sidewalks and streets within its territorial limits in a reasonably safe condition." The complaint also alleges that on May 24, 1994, the plaintiff gave written notice to the city of New Haven pursuant to General Statutes § 13A-149. The second count alleges that the city of New Haven "permitted, continued and/or maintained" a nuisance by failing to remedy the pothole at issue. The defendant filed an answer dated June 12, 1995, which did not include any special CT Page 1910 defenses.
The defendant filed a motion for summary judgment as to both counts of the complaint and a memorandum of law in support of the motion dated July 29, 1997. In support of the motion for summary judgment the defendant attached an affidavit, a copy of the plaintiff's notice of personal injuries and damages sustained, an estimate of automobile repair costs and a copy of the police incident report dated April 10, 1994. The defendant moves for summary judgment on the ground that the plaintiff failed to provide legally sufficient notice with respect to the injury incurred as required by General Statutes § 13a-149. This notice stated, in part, "RICHARD MURANO sustained injuries to his neck and back, the full extent of said injuries has not as yet been fully ascertained. RICHARD MURANO sustained property damage to his 1985 Cutlass Supreme motor vehicle in the amount of $305.07." (Plaintiff's complaint, count one ¶ 14 and attached exhibit "A" regarding notice.)
The defendant filed a supplemental memorandum of law in support of its motion for summary judgment dated November 1, 1997, addressing the cause of action in nuisance found in the second count of the plaintiff's complaint. The defendant argues that the plaintiff's complaint incorrectly alleges a cause of action in nuisance in the second count because General Statutes § 13a-149 provides the exclusive remedy against municipalities for injuries resulting from defective highways.
On October 22, 1997, the plaintiff filed an objection and a memorandum of law in opposition to defendant's motion for summary judgment. The plaintiff attached to the memorandum of law a copy of his notice of personal injuries and damages sustained dated May 18, 1994, an estimate of automobile repair costs, and a copy of the police incident report dated April 10, 1994.
The standard for the granting of a motion for summary judgment is well established. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence CT Page 1911 of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Brackets in original; internal quotation marks omitted.) Bruttomesso v. Northeastern Conn.Sexual Assault Crisis Services, Inc., 242 Conn. 1, 5,698 A.2d 795 (1997).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Beers v. Bayliner Marine Corp.,236 Conn. 769, 771 n. 4, 675 A.2d 829 (1996). "[A] directed verdict may be rendered only where, on the evidence viewed in the lightmost favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 752, 660 A.2d 810
(1995).
The defendant asserts that the notice which the plaintiff served upon the defendant is insufficient as a matter of law as it fails to set forth a general description of the plaintiff's injury. "Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway. . . . Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries." (Citations omitted.) Martin v.Plainville, 240 Conn. 105, 109, 689 A.2d 1125 (1997). In order to maintain "an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements. . . . The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof." (Citations omitted.) Id.
The defendant contends that the plaintiff did not provide a general description of the injuries which the plaintiff allegedly incurred. The notice stated in part: CT Page 1912
"RICHARD MURANO sustained injuries to his neck and back, the full extent of said injuries has not as yet been fully ascertained. RICHARD MURANO sustained property damage to his 1985 Cutlass Supreme motor vehicle in the amount of $305.07." (Plaintiff's complaint count one ¶ 14 and attached exhibit "A" regarding notice.) The defendant argues that the notice provided by the plaintiff is insufficient as a matter of law.
"[T]he legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff."Pratt v. Old Saybrook, 225 Conn. 177, 183, 621 A.2d 1322 (1993). The question of whether the notice provided pursuant to General Statutes § 13a-149 is sufficient is a proper question for the court to decide only if the notice obviously falls short of the statutory requirements: "Ordinarily, the question of the adequacy of notice is one for the jury and not for the court . . . Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Citations omitted; internal quotation marks omitted.) Zotta v. Burns, 8 Conn. App. 169, 173, 511 A.2d 373
(1986); see also Bresnan v. Frankel, 224 Conn. 23, 28,615 A.2d 1040 (1992). "Whether notice is sufficient is normally a question of fact for the jury. . . . The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading." (Citations omitted; internal quotation marks omitted.) Bassin v. Stamford, 26 Conn. App. 534,539, 602 A.2d 1044 (1992).
"In determining whether the notice is sufficient, we must look to the purpose of [General Statutes § 13a-149]. . . . The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests." (Citations omitted.)Pratt v. Old Saybrook, supra, 225 Conn. 182. "The notice requirement strikes a balance between the public benefit and the private right to seek a remedy." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 198, 592 A.2d 912 (1991).
Connecticut courts have defined adequate notice for the purpose of maintaining a cause of action under General Statutes CT Page 1913 § 13a-149 by distinguishing between those cases where notice consisted only of an assertion that some unspecified injury occurred and those cases where some form of description of the injury was provided. "The requirement that a plaintiff give a general description of the injury is a reasonable compromise between the giving of no description and the giving of a very specific one." Martin v. Plainville, supra, 240 Conn. 112.
Although the defendant cites several cases where notice of injury was found to be insufficient for purposes of General Statutes § 13a-149, each of these decisions rests upon the fact that no description of the injury was provided and instead only a notice that some form of injury occurred was provided. "It has been repeatedly held, that, while the description in the notice need not be as detailed as that in the complaint, the failure to give any description beyond the mere assertion that the injury or damage occurred, is insufficient to meet the statutory requirements. Mascagna v. Derby, 123 Conn. 684, 685,194 A. 728 (1937); Marino v. East Haven, 120 Conn. 577, 580,182 A. 225 (1935); Dunn v. Ives, [23 Conn. Sup. 113, 114,177 A.2d 467 (1961)]." Shine v. Powers, 37 Conn. Sup. 710, 712,435 A.2d 375 (App. Sess. 1981). In the present case the plaintiff provided more information concerning his injuries than the mere notice that some form of injury occurred. Therefore the defendant's motion for summary judgment is denied with respect to the first count of the plaintiff's complaint.
As previously stated, the defendant moves for summary judgment as to both counts of the complaint. The defendant argues that the second count of the plaintiff's complaint, which alleges nuisance, is not a valid cause of action for injuries caused by a defective road or highway because General Statutes § 13a-149
provides the sole method of recovery.
The Supreme Court has held that a common law nuisance cause of action against a municipality is barred. "[W]e construe §52-557n to provide that an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision `for damages resulting from injury to any person or property by means of a defective road or bridge.'" Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 192. "[W]e hold that a common law action for nuisance is barred by § 52-557n and affirm the judgment striking the complaint." Cook v. Turner, 219 Conn. 641,643, 593 A.2d 504 (1991). See also Wenc v. New London,
CT Page 1914235 Conn. 408, 409, 667 A.2d 61 (1995).
However, a threshold determination must be satisfied before the second count of the plaintiff's complaint, which alleges nuisance, may be subject to summary judgment. This threshold determination is whether as a matter of law the alleged defect which caused the plaintiff's injuries is a highway defect and therefore within the purview of General Statutes § 13a-149. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 201.
The second count of the plaintiff's complaint alleges a highway defect as a matter of law by claiming that all injuries sustained were caused by a pothole. "A pothole is a highway defect within the purview of § 13a-149." Barbieri v. City ofWaterbury, Superior Court, judicial district of Waterbury, Docket No. 133560 (September 30, 1996, Fineberg, J.). Therefore, based on the foregoing, the defendant's motion for summary judgment is granted as to the second count of the plaintiff's complaint.
Howard F. Zoarski Judge Trial Referee