[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE (DOCKET ENTRY NO. 121)
The plaintiff, Lillian Caltabiano, filed a four-count substituted complaint against the defendants, Daniel Sullivan (Sullivan) and the city of Bridgeport (city), on December 9, 1998. The plaintiff alleges that she suffered injuries when she was involved in an automobile collision at the intersection of Broadbridge Road and Huntington Turnpike in Bridgeport, Connecticut due to a defective traffic light. The plaintiff claims in counts one and two that Sullivan, as the superintendent of streets for the city, and the city, were negligent in failing to take steps to make the intersection safe for vehicular travel. The plaintiff claims in count three that the collision was caused by a nuisance which Sullivan allowed to exist. The plaintiff brings a defective highway claim against the city in count four.
The defendants moved for summary judgment as to all four counts of the plaintiff's substituted complaint. The court,Skolnick, J., granted the defendants' motion for summary judgment only as to count two. The defendants have now filed a motion to reargue on the grounds that the court erred as a matter of law in finding that the plaintiff could bring common law causes of action against Sullivan for a highway defect, and in finding that the statutory defective highway claim in count four related back to a previously stricken complaint. The plaintiff has filed an objection to the defendants' motion to reargue.
"A party who wishes to reargue a decision or order rendered by the court shall, within twenty days from the issuance of notice of the rendition of the decision or order, file a motion to reargue setting forth the decision or order which is the subject of the motion, the name of the judge who rendered it, and the specific grounds for reargument upon which the party relies." CT Page 4243 Practice Book § 11-12(a). "The motion to reargue shall be considered by the judge who rendered the decision or order. Such judge shall decide, without a hearing, whether the motion to reargue should be granted. If the judge grants the motion, the judge shall schedule the matter for hearing on the relief requested." Practice Book § 11-12(c).
The defendants argue that because the plaintiff's common law claims in her first complaint were struck by the court,Mottolese, J., the law of the case is that no common law causes of action based on a defective highway can be maintained.
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . But a determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Westbrook v. Savin Rock Condominium Association,50 Conn. App. 236, 240, 717 A.2d 789 (1998).
The plaintiff's original complaint asserted common law causes of action based on a defective traffic light against both the city and Sullivan. The substituted complaint alleges common law causes of action against Sullivan only. Therefore, the allegations of the substituted complaint are distinguishable from those in the original compliant. In denying the defendants' motion for summary judgment as to counts one and three, the court noted that although General Statutes § 13a-149 is a plaintiff's exclusive remedy against a municipality for a cause of action alleging a defective road, "`there is no reason to believe that the legislature intended to eliminate an injured plaintiff's common law right to seek damages from individual municipal employees.'" Caltabiano v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326891 (February 8, 1999, Skolnick, J.), quoting Sanzone v. Board ofCT Page 4244Police Commissioners, 219 Conn. 179, 192-93, 592 A.2d 912 (1991). Therefore, the amended allegations contained in the substituted complaint provided the court with a new circumstance from which it could reach a ruling sustaining the common law causes of action, despite the prior ruling of the court on the motion to strike. Accordingly, the court did not err in failing to treat the ruling of Mottolese, J., on the motion to strike the original complaint as law of the case.
The defendants also seek to have this court rely on the trial court's decision in Sanzone v. Board of Police Commissioners, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 252236 (April 5, 1990, Ballen, J.) "Trial court cases do not establish binding precedent." McDonald v. Rowe,43 Conn. App. 39, 43, 682 A.2d 542 (1996). Furthermore, the court is required to follow the Supreme Court's holding in Sanzone, which is now binding precedent for all state courts.
The defendants note that in Pratt v. Old Saybrook,225 Conn. 177, 180, 621 A.2d 1322 (1993), the court held that "a town may not be held liable for damages caused by highway defects under § 7-465 (a), since this would allow a plaintiff to circumvent the requirements of § 13a-149 by suing a municipal employee and seeking indemnification from the town." Pratt is distinguishable from the circumstances here, however, because the plaintiff does not seek to hold the city vicariously liable under § 7-465 for Sullivan's alleged wrongdoing.
The defendants have also cited Wenc v. New London,44 Conn. Sup. 45, 667 A.2d 87 (1994), aff'd, 235 Conn. 408,667 A.2d 61 (1995). In Wenc, a defective highway case, the plaintiff attempted to assert absolute nuisance and negligent nuisance pursuant to both General Statutes §§ 19a-335 and 16-228. The trial court's decision to strike both claims based on Sanzone was affirmed by the Supreme Court on the ground that "[b]ecause General Statutes § 13a-149 is the sole remedy for a cause of action within the terms of the defective highway statute, the plaintiff's failure to allege a cause of action under [it] is dispositive of the plaintiff's other allegations of statutoryviolations." (Emphasis added.) Wenc v. New London, supra,235 Conn. 412. It appears to the court, however, that the Wenc
decision does not affect the portion of the Sanzone holding which allows a plaintiff to maintain a common law cause of action against a municipal employee based on a defective highway.[1]
CT Page 4245
The defendants have cited no other appellate case law showing that the court erred in ruling that the plaintiff can maintain common law causes of action against Sullivan based on a defective highway claim. Accordingly, the court did not err in relying onSanzone to deny the defendants' motion for summary judgment as to counts one and three. Therefore, the motion to reargue these counts based on Wenc should be denied.
The defendants also move for reargument on the ground that the court erred in ruling that the present statutory § 13a-149 highway defect claim in the fourth count of the substitute complaint relate back to the previously stricken counts in the original complaint. Specifically, the defendants contend that the statutory claims in the substitute complaint cannot relate back to the claims made in the original complaint, because the claims made in the original complaint were struck by the court and therefore are a legal nullity.
The defendants have not cited any authority to support this argument. The court should note, however, that this argument was raised by the defendant in Bigler v. Center Bank Mortgage, Superior Court, judicial district of Haven at New Haven, Docket No. 348772 (February 26, 1996, Zoarski, J.). There, the plaintiffs filed an amended complaint, prior to a decision on the defendant's motion to strike claims in the original complaint. The court held that it could not be argued that at the time the plaintiffs filed their amended complaint, there was nothing for the amended claims to relate back to. Although here the plaintiff's claims were struck before she filed her substitute complaint, application of the relation back doctrine was proper because the defendants had adequate notice of the defective highway claim. Gurliacci v. Mayer, 218 Conn. 531, 547-49,590 A.2d 914 (1991).
The defendants' motion to reargue is denied.
Skolnick, J.