[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action in three counts by the plaintiff for money damages against the City of Waterbury for personal injuries which he allegedly sustained when he tripped and fell on a city sidewalk.
The defendant has filed a motion for summary judgment as to the Second Count of the Plaintiff's Amended Complaint. The basis of the motion is that the Second Count is legally insufficient because it fails to allege that Section 13a-149, General Statutes is the exclusive remedy for the injuries alleged to have occurred as a result of a fall on a defective highway.
The plaintiff served his original complaint on the defendant on February 13, 1998. The plaintiff provided the defendant with notice of this action against the city of Waterbury pursuant to Section13a-149, General Statutes for personal injuries sustained as the result of an incident that occurred on February 16, 1996 on Linden Street in Waterbury, Connecticut.
The plaintiffs three count second amended complaint, filed on April 9, 1999, alleges that he sustained an injury as a result of a fall into an open storm drain which lacked a covering grate. The first count sounds in negligence and alleges that the defendant failed to reasonably maintain the storm drain, the plaintiff provided the defendant with notice of this action pursuant to Section 13a-149, CT Page 5501 General Statutes, the plaintiff sustained a permanent impairment of his earning capacity, and the defendant is liable pursuant to Section7-465, General Statutes. The second count is brought pursuant to Section 52-557n, General Statutes and alleges that the defendant is liable for damages caused by the negligent acts or omissions of any employee, officer or agent acting within the scope of his employment or official duties. The third count alleges the defendant is liable to the plaintiff pursuant to Section 13a-149, General Statutes, for injuries he sustained as a result of a negligently maintained roadway or sidewalk.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714,735 A.2d 306 (1999); see Practice Book § 17-49. A material fact is one "which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
The defendant argues that the second count of the plaintiffs second amended complaint is legally insufficient and that it is entitled to judgment in its favor as a matter of law. The plaintiff argues, however, that a motion for summary judgment is not the appropriate method to attack the legal sufficiency of the complaint, rather, the proper method is by a motion to strike and because the defendant has already filed its answer, he has waived the right to file a motion to strike.
Connecticut courts have allowed the use of a motion for summary judgment to test the legal sufficiency of a plaintiffs complaint, even though a motion to strike is the more appropriate vehicle for challenging the legal sufficiency of a claim. See Boucher Agency,Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971). See alsoJewett v. General Dynamics Corp., Superior Court, judicial district of New London, Docket No. 530943 (May 1, 1997, Booth, J.). "However, the motion should only be granted if it meets the standard for a motion for summary judgment, not for a motion to strike." (Internal quotation marks omitted.) Kalwat v. Arnow, Superior Court, judicial district of Stamford at Stamford, Docket No. 132773 (February 5, 1996, Lewis, J.). CT Page 5502
The defendant's motion for summary judgment in the instant case is deemed to meet the requisite standard set forth in Kalwat vs. Arnow, supra.
Section 13a-149, General Statutes, provides, in relevant part, "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the patty bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation."
"Under the common law, municipalities enjoyed immunity for injuries caused by defective highways . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway . . . Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries." Martin v. Town of Plainville, 240 Conn. 105, 109,689 A.2d 1125 (1997).
Section 52-557n (a), General Statutes, provides, in relevant part, "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to Section 13a-149." The Connecticut Supreme Court has construed Section 52-557n "to provide that an action under the highway defect statute, Section 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge." (Internal quotation marks omitted.)Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192,592 A.2d 912 (1991); see also Wenc v. New London, 235 Conn. 408,667 A.2d 61 (1995).
The sole issue on appeal in Wenc v. New London, supra,235 Conn. 408, was whether the trial court properly granted the defendant's motion to strike three counts of the complaint because he failed to bring his claims under Sec. 13a-149, General Statutes. The appellate court, citing Sanzone v. Board of Police Commissioners, CT Page 5503 supra, 219 Conn. 202-203, affirmed the judgment of the trial court, construing Section 52-557n, General Statutes, "to provide that an action under the highway defect statute, Section 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge." Wenc v. New London, supra, 235 Conn. 412.
In the present case, the plaintiff alleges that he has sustained injuries as a result of a fall into an open storm drain which lacked a covering grate. The second count is brought pursuant to Section52-557n, General Statutes. The defendant argues that the second count is insufficient as a matter of law because the plaintiffs exclusive remedy against the city for a defective road or bridge is pursuant to General Statutes § 13a-149. The court agrees.
The defendant's motion for summary judgment on the second count of the second amended complaint should and is hereby granted.
By the Court,
Joseph W. Doherty, Judge