[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendant's motion to strike five counts of the plaintiff's complaint. The motion seeks to strike counts one, two, four and five on the ground that General Statutes § 13a-149 provides the exclusive remedy for the plaintiff. The motion seeks to strike count three on the ground that the plaintiff did not sufficiently allege a violation of § 13a-149. CT Page 6066
 I. BACKGROUND
The complaint filed by the plaintiff, Augustin Skiba, alleges the following facts. On August 10, 1998, the plaintiff was standing at the counter inside Royal Oak Package Store (the store) located at the corner of Broad and Booth Streets in New Britain, Connecticut. A vehicle operated by Daniel Nanowski was traveling easterly on Broad Street, attempted to turn left onto Booth Street, and went through the front window of the store. The car hit the counter and the plaintiff, causing serious injuries to the plaintiff.
The plaintiff filed his complaint on January 13, 2000. Count one alleges negligence against the city of New Britain pursuant to General Statutes § 52-557n[1] based on the negligence of various city employees and officials who, inter alia, failed to maintain and install curbs, railings or fences along Broad Street in front of the store. Count two seeks to hold the city liable pursuant to § 52-557n for violations of state statutes and city ordinances by city employees and officials who, inter alia, failed to install and maintain curbs or railings along Broad Street in front of the store. Count three alleges negligence against the city. Count four seeks to hold the city liable pursuant to § 52-557n for violations of General Statutes §§13a-111[2] and 13a-152.[3] Count five seeks to hold the city liable pursuant to § 52-557n for failing to maintain curbs in front of the store. Count six alleges negligence against the defendants, Royal Oak Package Store, Inc. and Steven and Lilia Kieltyka, the owners of Royal Oak Package Store.
The city filed the present motion to strike counts one through five on February 14, 2000, along with a supporting memorandum of law. The plaintiff timely filed an objection. The court heard oral argument at short calendar on. February 5, 2001, and now issues this memorandum of decision.
 II. STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], CT Page 6067 construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522-23, 753 A.2d 927 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). "A motion to strike . . . does not admit legalconclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.)Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
 III. DISCUSSION A
The city moves to strike counts one, two, four and five on the ground that the plaintiff's sole remedy for injuries received as a result of an alleged defective highway is an action pursuant to General Statutes § 13a-149. The city argues that counts one, two, four and five, which allege various theories of negligence against the city, are barred. The plaintiff argues, to the contrary, that § 13a-149 does not apply to him as he was not a "traveler" on the highway at the time of the injury.
Section 13a-149[4] provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." "[I]n an action against a municipality for damages resulting from a highway defect, the defective highway statute is the plaintiff's exclusive remedy." Ferreirav. Pringle, 255 Conn. 330, 341, 766 A.2d 400 (2001); see also General Statutes § 52-557n (a)(1)(C) ("[N]o cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149."). This principle is qualified by the fact that it applies to a cause of action that falls within section 13a-149's terms. As our Supreme Court stated in Wenc v. New London, 235 Conn. 408, 412-413, 667 A.2d 61
(1995), it approved the trial court's analysis in that case, wherein the trial court concluded that "[b]ecause General Statutes § 13a-149 is CT Page 6068 the plaintiff's sole, remedy for a cause of action within the terms ofthe defective highway statute, the plaintiff's failure to allege a cause of action under [it] is dispositive of the plaintiff's other allegations of statutory violations." (Internal quotation marks omitted; emphasis added.) Wenc v. New London, supra, 235 Conn. 412. See Ferreira v.Pringle, supra, 255 Conn. 341, wherein the Supreme Court reiterated its support for the analysis in Wenc v. New London, supra.
"Where a statute is designed to protect persons against injury, one who has, as a result of its violation, suffered such an injury as the statute was intended to guard against has a good ground of recovery. . . . Statutory negligence is actionable upon satisfaction of two conditions: (1) the plaintiff must be a member of the class protected by the statute; and (2) the injury must be of the type the statute was intended to prevent." (Citations omitted; internal quotation marks omitted.) Smallv. South Norwalk Savings Bank, 205 Conn. 751, 760, 535 A.2d 1292 (1988).
"[Section 13a-149 (formerly § 2126)] is designed to protect travelers only. One of the essential elements of liability under it is that the person claiming damages has been injured in connection with his use of the highway for travel." Aerotec Corporation v. Greenwich,138 Conn. 116, 119, 82 A.2d 356 (1951); see also Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 199, 592 A.2d 912 (1991) ("Section13a-149 . . . permits recovery only to the injured `traveler.'"). "A traveler is `[o]ne who passes from place to place, whether for pleasure, instruction, business or health.' Black's Law Dictionary (5th Ed. 1979)."Savaria v. Groton, Superior Court, judicial district of New London at Norwich, Docket No. 116532 (July 13, 2000, Martin, J.). "If the plaintiff was not on the highway at the time of his injury, he cannot be using the highway to pass from place to place and is therefore not a traveler under General Statutes § 13a-149." Savaria v. Groton, supra, Superior Court, Docket No. 116532. "To fall within the statute, a plaintiff is not obligated to remain seated in a vehicle proceeding on the highway . . . rather, [a] person must [simply] be on the highway for some legitimate purpose connected with travel thereon. . . ." (Citation omitted; internal quotation marks omitted.) Ferreira v. Pringle, supra, 255 Conn. 342.
Connecticut courts have addressed the issue of who is a "traveler." The court in Rodrigues v. Corbett, Superior Court, judicial district of Waterbury, Docket No. 153816 (November 18, 1999, Doherty, J.), determined that the plaintiff was not a "traveler" on the highway on which he was raking gravel and, therefore, did not have a right or obligation to bring his claim under § 13a-149. Similarly, under § 13a-144[5], which allows recovery from the state to travelers of a state highway, the court found that the plaintiff, injured while driving on a municipal road when a snow plow pushed snow off the overpass of a state road onto his car, CT Page 6069 was not a "traveler" of a state highway. See Brown v. Commissioner ofTransportation, Superior Court, judicial district of Danbury, Docket No. 324664 (March 17, 2000, Radcliffe, J.) (26 Conn.L.Rptr. 688). In Tuckelv. Argraves, 148 Conn. 355, 170 A.2d 895 (1961), the plaintiff was walking on a sidewalk when a directional sign fell on him, causing personal injuries. Although the sign was located within the limits of a highway that was the duty of the commissioner to keep in repair, the court held that the plaintiff could not recover pursuant to § 13a-144
because the commissioner did not have a duty to maintain the sidewalk on which the plaintiff was walking at the time he was injured. See id., 360.
In the present case, the plaintiff was injured as he stood inside a store. The plaintiff was not on or near the highway at the time of his injury. He was not injured in connection with his use of the highway, nor was it alleged that his presence in the store was connected with travel on the highway. Accordingly, the court finds that the plaintiff was not a "traveler" as contemplated by § 13a-149 and, therefore, did not have a right or obligation to bring his claim pursuant to § 13a-149. Accordingly, the city's motion to strike counts one, two, four and five is hereby denied.
 B
The city's motion to strike count three of the plaintiff's complaint argues that count three alleges a violation of § 13a-149 and that the plaintiff failed to allege that the city's violation of the statute was the sole proximate cause of the plaintiff's injuries. In his objection, the plaintiff merely contends that the city "offers this court no legal authority (other than cases under the defective highway statute) that plaintiff's complaint must contain an averment of sole proximate cause." (Plaintiff's memorandum in opposition and objection, p. 7.)
Where only a portion of a claim is insufficient and the remaining allegations are sufficient to support a cause of action, a motion to strike the entire count does not lie. See Cantoni v. Xerox Corp., Superior Court, judicial district of Hartford at Hartford, Docket No. 582705 (February 3, 1999, Fineberg, J.) (24 Conn.L.Rptr. 38); Klein v.Stamford, 43 Conn. Sup. 441, 443, 658 A.2d 986 (1994). Although count three is entitled "Dangerous and defective highways as regards city of New Britain" and alleges a violation of § 13a-149 among other statutory violations, reading the complaint in a light most favorable to the plaintiff; see Eskin v. Castiglia, supra, 253 Conn. 522-23; the court finds that count three sounds in common law negligence. As the court finds that count three does sufficiently allege a claim of common law negligence, the court will address the count as such. "The essential CT Page 6070 elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,566, 707 A.2d 15 (1998). The plaintiff alleges various duties of the city; (see Complaint, count three ¶ 2); and breach of those duties. (See Complaint, count three, ¶¶ 4, 6, 10.) The complaint also alleges that the city's breach caused injury to the plaintiff; (see Complaint, count three, ¶¶ 4, 6, 10); and specified the plaintiff's damages. (See Complaint, count three, ¶¶ 11-14.) Therefore, the city's argument based solely on § 13a-149 is inapposite. Accordingly, the city's motion to strike count three is hereby denied.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT