HURLEY, J.
 

 The issue before the court is whether the defendants’ motion to strike counts one, two and three of the plaintiff’s complaint should be granted.
 

 The plaintiff, Jon Wenc, by way of a complaint dated October 4,1993, brought an action against the following defendants for injuries he sustained in a motor vehicle
 
 *48
 
 accident that occurred on or about October 4,1990: the city of New London, the town of New London, the selectmen of the city and town of New London, the city council of the city and town of New London, the common council of the city and town of New London, the director of public works and utilities of the city and town of New London, the department of public works and utilities of the city and town of New London, the superintendent of highways of the city and town of New London, the city manager of the city and town of New London, Francis C. Driscoll — individually and as city manager of the city and town of New London, Melvin Jetmore, Martin Olsen, Jr., Dorothy Leib, Anthony Basillica, William Nahas, William Satti, Leo Jackson, Marie Gravel, Michael Fortunato, Gregory Massad, Richard Kistner, the New London police department and the chief of police of the city and town of New London, and James McDermott — the city engineer of the city and town of New London. The plaintiffs complaint contains the following allegations.
 

 On October 4, 1990, the plaintiff was a passenger in a motor vehicle owned and operated by George Tsipas when the vehicle struck a utility pole. The plaintiff alleges in his complaint that the pole, and the condition created by it, was “permitted, allowed, created, erected, installed, owned, controlled, possessed, leased, participated in, and/or maintained” by the defendants “alone or by virtue of a contractual agreement, custom, and/ or approval, legal relationship with including but not limited to the Southern New England Telephone Company . . . and/or Northeast Utilities, Connecticut Light and Power Company and/or Hartford Electric and Light Company . . . and/or said pole was placed and/or located at the direction of the [defendants] and/or permitted to remain in this location by the [defendants] and/or no action was taken by the [defendants] to remove said pole . . . .” The plaintiff further alleges
 
 *49
 
 that the pole caused him to be trapped inside the vehicle and to sustain personal injuries, to incur expenses for medical care, and to experience a loss of earning capacity.
 

 Count one of the complaint contains allegations of absolute nuisance based upon the defendants’ unreasonable or unlawful conduct and their violation of General Statutes §§ 19a-335 and 16-228. Count two contains allegations of the defendants’ violation of General Statutes § 52-557n. Count three contains allegations of negligent nuisance based upon the defendants’ unreasonable or unlawful conduct and their violation of §§ 19a-335 and 16-228.
 

 On January 19, 1994, the defendants filed a motion to strike the plaintiffs complaint. In their supporting memorandum of law, the defendants argue that the allegations contained in counts one, two and three are legally insufficient because a public nuisance claim against a municipality must be brought under General Statutes § 13a-149.
 

 On April 6,1994, the plaintiff filed a preliminary memorandum in opposition to the defendants’ motion to strike. The plaintiff argues that counts one, two and three are legally sufficient because he has not alleged a claim under § 13a-149. He argues further that the factual allegations are related to the defendants’ violation of §§ 19a-335, 16-228 and 52-557n (b). On April 11, 1994, the plaintiff filed a supplement to his preliminary memorandum in opposition to the defendants’ motion to strike.
 

 The function of a motion to strike is to test the legal sufficiency of a pleading.
 
 Ferryman
 
 v.
 
 Groton,
 
 212 Conn. 138, 142, 561 A.2d 432 (1989). “The motion to strike . . . admits all facts well pleaded.” Id. “In ruling on a motion to strike, the court is limited to the acts
 
 *50
 
 alleged in the complaint.”
 
 Gordon
 
 v.
 
 Bridgeport Housing Authority,
 
 208 Conn. 161, 170, 544 A.2d 1185 (1988).
 

 In deciding a motion to strike, the trial court must construe the “plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency.”
 
 Bouchard
 
 v.
 
 People’s Bank,
 
 219 Conn. 465, 471, 594 A.2d 1 (1991). “[I]f facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail.” (Internal quotation marks omitted.)
 
 Ferryman
 
 v.
 
 Groton,
 
 supra, 212 Conn. 142.
 

 “Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. ...” General Statutes § 13a-149. “Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike.”
 
 Sanzone
 
 v.
 
 Board of Police Commissioners,
 
 219 Conn. 179, 201, 592 A.2d 912 (1991).
 

 General Statutes § 13a-149, the defective highway statute, “is the exclusive remedy for injuries encompassed within its terms.”
 
 Kuriansky
 
 v.
 
 Stamford,
 
 Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 910116189S (March 25, 1992) (6 Conn. L. Rptr. 686, 687)
 
 (Rush, J.),
 
 citing
 
 Cook
 
 v.
 
 Turner,
 
 219 Conn. 641, 643, 593 A.2d 504 (1991);
 
 Sanzone
 
 v.
 
 Board of Police Commissioners,
 
 supra, 219 Conn. 201. “[A] highway defect is ‘[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result
 
 Sanzone
 
 v.
 
 Board of Police Commissioners,
 
 supra, 202, quoting
 
 Hewison
 
 v.
 
 New Haven,
 
 34 Conn. 136, 142 (1867). “ ‘[I]f there is a defective condition that
 
 *51
 
 is not in the roadway, it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair.’ ”
 
 Sanzone
 
 v.
 
 Board of Police Commissioners,
 
 supra, 202, quoting
 
 Comba
 
 v.
 
 Ridgefield,
 
 177 Conn. 268, 271, 413 A.2d 859 (1979).
 

 The defendants argue that counts one and three should be stricken because the plaintiffs injury was caused by a public utility pole located in the public’s right-of-way and that the plaintiffs sole remedy is, therefore, under the defective highway statute, § 13a-149. The defendants accordingly argue that counts one and three should be stricken as they are legally insufficient.
 

 The plaintiff argues that because he has not pleaded his cause of action under § 13a-149, he did not bring the present action under § 13a-149. The plaintiff, therefore, contends that counts one and three are legally sufficient.
 

 The plaintiff alleges in his complaint that the driver of the vehicle in which he was the passenger “lost control of the vehicle on the wet pavement causing the vehicle to slide sideways.” Thereafter, “the vehicle struck [the pole] . . . .” The pole “caused the plaintiff to be trapped in the vehicle and resulted in the [alleged] injuries and damages to the plaintiff . . . .” The plaintiff further alleges that his injuries were caused because the defendants “[unreasonably and/or unlawfully failed to move said pole or take other precautions and/or remedial actions to eliminate and/or lessen the natural tendency of this pole to create danger and inflict injury upon person or property” and because the defendants “allowed the pole to be placed in a highway ... by
 
 *52
 
 which the passage of travelers was obstructed or endangered or the highway encumbered has allowed the existence of a nuisance.”
 

 Accordingly, counts one and three of the plaintiffs complaint contain allegations in connection with the defendants’ failure to apply “ ‘remedial measures which could be reasonably applied within the way [with the result] that the failure to employ such measures would be regarded as a lack of reasonable repair.’ ”
 
 Sanzone
 
 v.
 
 Board of Police Commissioners,
 
 supra, 219 Conn. 202;
 
 Comba
 
 v.
 
 Ridgefield,
 
 supra, 177 Conn. 271. Therefore, the allegations contained in counts one and three of the plaintiffs complaint support a cause of action arising from a “highway defect, or in the language of the statute, part of a ‘defective road. ’ ”
 
 Sanzone
 
 v.
 
 Board of Police Commissioners,
 
 supra, 203.
 

 The plaintiff does not allege that the defendants’ actions were in violation of § 13a-149. Nevertheless, even if a complaint does not contain allegations concerning the violation of a statute, that complaint may still contain allegations sufficient to invoke such statute.
 
 Mahoney
 
 v.
 
 Lensink,
 
 213 Conn. 548, 568, 569 A.2d 518 (1990). As discussed previously, the court finds that counts one and three of the plaintiffs complaint contain allegations sufficient to invoke § 13a-149. The plaintiffs failure to plead counts one and three under § 13a-149 renders those counts legally insufficient because § 13a-149 “is the exclusive remedy for injuries encompassed within its terms.”
 
 Kuriansky
 
 v.
 
 Stamford,
 
 supra, 6 Conn. L. Rptr. 687, citing
 
 Cook
 
 v.
 
 Turner,
 
 supra, 219 Conn. 643;
 
 Sanzone
 
 v.
 
 Board of Police Commissioners,
 
 supra, 219 Conn. 202.
 

 Because § 13a-149 is the plaintiffs sole remedy for a cause of action coming within the terms of that statute, the plaintiffs failure to allege a cause of action under
 
 *53
 
 § 13a-149 is dispositive of the plaintiffs other allegations of statutory violations. Therefore, counts one and three of the plaintiffs complaint are hereby stricken.
 

 General Statutes § 52-557n (a) provides in relevant part: “(1) Except as otherwise provided by law, apolitical subdivision of the state shall be liable for damages to person or property caused by . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.” The Supreme Court has construed § 52-557n “to provide that an action under the highway defect statute, § 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision ‘for damages resulting from injury to any person or property by means of a defective road or bridge.’ ”
 
 Sanzone
 
 v.
 
 Board of Police Commissioners,
 
 supra, 219 Conn. 192; see
 
 Cook
 
 v.
 
 Turner,
 
 supra, 219 Conn. 643.
 

 The defendants argue that because count two alleges a cause of action under § 13a-149, the plaintiffs claim under § 52-557n (b) (7) and (8)
 
 [1]
 
 is legally insufficient.
 
 *54
 
 The plaintiff argues that because the pole, and the condition it created, was the responsibility of the defendants, the defendants’ actions or nonactions were in violation of § 52-557n. In support of this allegation, the plaintiff incorporates facts alleged in count one, specifically, that the defendants are hable for the plaintiffs injuries “by virtue of [§] 52-557n and other related statutes and authority . . . particularly in light of the conditions and facts described in paragraphs 7, 8 and 9 [of] Count One . . . .”
 

 “Notwithstanding the procedural posture of amotion to strike, [the Supreme Court] has approved the practice of deciding the issue of governmental immunity as a matter of law.”
 
 Gordon
 
 v.
 
 Bridgeport Housing Authority,
 
 supra, 208 Conn. 170. As noted previously, the Supreme Court has construed § 52-557n “to provide that an action under the highway defect statute, § 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision ‘for damages resulting from injury to any person or property by means of a defective road or bridge.’ ”
 
 Sanzone
 
 v.
 
 Board of Police Commissioners,
 
 supra, 219 Conn. 192; see
 
 Cook
 
 v.
 
 Turner,
 
 supra, 219 Conn. 643. Accordingly, in light of
 
 Cook
 
 and
 
 Sanzone,
 
 count two of the plaintiffs complaint is legally insufficient.
 

 Admitting all facts well pleaded and construing the plaintiffs complaint in a manner most favorable to sustaining its legal sufficiency, the court finds that the plaintiffs complaint is legally insufficient. Therefore, the defendants’ motion to strike counts one, two and three of the plaintiffs complaint is hereby granted.
 

 [1]
 

 General Statutes § 52-557n (b) provides in relevant part: “Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from ... (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation of or such failure or refusal constitutes a reckless disregard for health or safety; (8) failure to malee an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the propert y complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such a failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances . . . .”