[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are two separate actions arising out of the same incident which have been consolidated. The first action, filed on August 22, 1997, is asserted by the plaintiff, Geraldo Ferreira, versus the Southeast Area Transit (SEAT) Thomas C. Poirer, the State of Connecticut Department of Transportation, the Town of East Lyme, Frederick G. Thumm as Superintendent of Highways for East Lyme, the Cities of New London, Groton and Norwich, and the Towns of Griswold, Waterford, Stonington, Montville, Ledyard and Groton. The second action, filed on June 16, 1998, is asserted by the plaintiff, Geraldo Ferreira, versus Ronald Pringle, Chief of the Niantic Fire Department, Sam Peretz, Director of Parks and Recreation for East Lyme, and the Niantic Fire Department, Inc. For convenience, the first action shall be referred to as the "SEAT" action, and the second as the "Pringle" action. The relevant facts are identical in both actions.
In the SEAT action, the defendants, Town of East Lyme, Frederick Thumm and Charles Holyfield, filed a motion to strike (#169) on June 27, 1998. This motion attacked the legal sufficiency of the complaint on the ground that the facts alleged in the complaint concern a "highway defect," and therefore, the plaintiff's exclusive remedy was under the Highway Defect Statute, General Statutes § 13a-149. The defendants argued that, since the plaintiff did not plead a cause of action under § 13a-149, the complaint is legally insufficient.
While that motion was pending in the SEAT case, on August 12, CT Page 9559 1998, the defendants in Pringle filed a motion to dismiss (#105) the complaint for lack of subject matter jurisdiction. The defendants argued that because the facts alleged in the complaint, as well as other uncontroverted evidence, indicate that the plaintiff's injury occurred because of a "highway defect," the plaintiff was required to provide the statutory notice under § 13a-149 in order for the court to have subject matter jurisdiction.
Then, on August 25, 1998, the court granted the defendant's motion to consolidate the SEAT and Pringle cases.
On May 21, 1999, Judge Hurley rendered his decision on both the motion to dismiss (#105) from Pringle, and the motion to strike (#169) from SEAT. Judge Hurley denied both motions essentially because, in his view, the facts alleged by the plaintiff did not concern a "highway defect."
On June 29, 1999, the court granted the defendant's motion to disqualify Judge Hurley from the case, and his memorandum of decision is set aside.
This court heard oral argument on July 8, 1999, and may now start with a clean slate, so to speak. That is, since Judge Hurley's memorandum of decision has been set aside due to his disqualification, this court is faced with two outstanding motions, namely, the motion to strike (#169) from the SEAT case, and the motion to dismiss (#105) from Pringle, which it now addresses.
Because both motions hinge upon whether the plaintiff's allegations implicate the highway defect statute, § 13a-149, the court will first look within the four corners of the relevant complaints, as it must on a motion to strike. If the court finds that the allegations, as a matter of law, concern a "highway defect," then the motion to strike must be granted, and afortiori, the motion to dismiss must be granted. If, however, the court finds that the allegations do not implicate the highway defect statute, then the motion to strike must be denied. In that event, however, the court, in ruling on the motion to dismiss, may look beyond the pleadings, and consider other evidence in the record to determine whether those facts demonstrate, as a matter of law, that the complaint does concern a "highway defect."
"The purpose of a motion to strike is to contest . . . the CT Page 9560 legal sufficiency of the allegations of any complaints to state a claim upon which relief can be granted . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410, 722 A.2d 271 (1999).
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). "[W]here a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case." Novicki v. New Haven,47 Conn. App. 734, 739, 709 A.2d 2 (1998). "[T]he question of whether the plaintiff has complied with the provisions of § 13a-149 goes to the court's jurisdiction over the subject matter of the action." Id.
The plaintiff points to the applicable complaints in SEAT and Pringle, and argues that his cause of action is not in any way related to a "highway defect," as that term has been interpreted and defined by the courts of this state. In addition, the plaintiff argues that because he never expressly pleaded a cause of action based on § 13a-149, this court cannot determine the legal sufficiency of his complaint on that basis.
First, the plaintiff's argument that this court cannot determine the legal sufficiency of his complaint on the basis of § 13a-149 because he did not plead a violation of § 13a-149, is without merit. "[E]ven if a complaint does not contain allegations concerning the violation of a statute, that complaint may still contain allegations sufficient to invoke such statute.Mahoney v. Lensink, 213 Conn. 548, 568, 569 A.2d 518 (1990)."Wenc v. New London, 44 Conn. Sup. 45, 50, 667 A.2d 87, aff'd,235 Conn. 408, 667 A.2d 61 (1995). In Wenc v. New London, supra, the CT Page 9561 plaintiff raised the same argument as the plaintiff does here. The trial court, Hurley, J., found that, notwithstanding the absence of an express allegation of a violation of § 13a-149, "the plaintiff's complaint contain[s] allegations sufficient to invoke § 13a-149." Id.
Therefore, the proper inquiry for this court is to determine whether the plaintiff's allegations are sufficient to invoke § 13a-149. In order to make this determination, it is necessary for the court to first discuss the legal parameters of a "highway defect" as that term has been interpreted, defined and expanded by the courts of this state.
"Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." General Statutes § 13a-149. It is well settled that the defective highway statute, § 13a-149, "is the exclusive remedy for injuries encompassed within its terms." (Internal quotation marks omitted.) Wenc New London, supra,44 Conn Sup. 48; see also General Statutes § 52-557n (1) ("no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to § 13a-149")
"Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute, is a question of law which may determined on a motion to strike." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 201, 592 A.2d 912 (1991). "[A] highway defect is any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . If there is a defective condition that is not in the roadway, it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair." (Citations omitted; internal quotation marks omitted.) Id., 202.
The duty of the municipality to use reasonable care for the reasonably prudent traveler "extends to pedestrian travel as well as to vehicular traffic." Baker v. Ives, 162 Conn. 295, 299,294 A.2d 290 (1972). To come within the statute, "a plaintiff is not CT Page 9562 obliged to remain seated in a vehicle proceeding on the highway . . . Reasonable latitude is allowed to meet the exigencies of travel . . . Nor does the defect have to be on the actual traveled portion of the highway." (Citations omitted; internal quotation marks omitted.) Id.; Hay v. Hill,137 Conn. 285, 290, 76 A.2d 924 (1950). If the defect is not part of the actual travelled way, the defect must at least be located in an area which was intended for pedestrian travel; see Baker v. Ives, supra, 162 Conn. 301; Chazen v. New Britain, 148 Conn. 349, 354,170 A.2d 891 (1961); or where the plaintiff and public in general were invited and reasonably expected to travel upon. See Novickiv. New Haven, supra, 47 Conn. App. 740; Baker v. Ives, supra,162 Conn. 301.
In the SEAT case, the plaintiff alleges the following facts. He was a passenger on public bus and was allowed to disembark said bus onto a grassy embankment at the shoulder of North Bridebrook Road in the town of East Lyme. As he disembarked the bus onto the grassy embankment, the plaintiff tripped on the remnant of a severed steel signpost embedded in the ground, causing him to fall backwards into North Bridebrock Road, and resulting in him being run over by the bus.
The plaintiff alleged that the Town of East Lyme "creat[ed] an unsafe and dangerous condition for the plaintiff and other pedestrians;" Amended Complaint, Second Count ¶ 8(a); "creat[ed] a hazard to the public;" Id., ¶ 8(b); "[d]id not . . . warn the plaintiff and other pedestrians of the presence of a dangerous condition;" Id., ¶ 8(c); "[d]id not paint said protruding sign post . . . so that it would have been visible to the plaintiff and other pedestrians traversing said area;" Id., ¶ 8(d); and "[a]llowed buses to stop and disembark passengers, like the plaintiff, at the location where the plaintiff fell . . ." Id., ¶ 8(e). The plaintiff makes similar allegations with respect to defendants Frederick Thumm and Charles Holyfield. In addition, the plaintiff alleges that Thumm and Holyfield "[f]ailed to erect a four foot high nine gauge chain link fence along the perimeter of said property in order to prevent members of the public from traversing said lawn where the plaintiff tripped . . . Amended Complaint, Third Count ¶ 9(i). In the Pringle case, the foregoing allegations are essentially reiterated, only with respect to different defendants.
It is clear to this court, from the express words employed by the plaintiff in his pleadings, that the dangerous condition CT Page 9563 complained of was in an area used for disembarking bus passengers, other pedestrians and the general public. Indeed, much of the plaintiff's theory of liability rests upon the allegation that the remnant of the steel signpost posed an unreasonable danger to the plaintiff, other disembarking bus passengers, other pedestrians and the general public. Indeed, much of the plaintiff's theory of liability rests upon the allegations that the remnant of the steel signpost posed an unreasonable danger to the plaintiff, other disembarking bus passengers, other pedestrians and the general public. The plaintiff's own allegations, therefore, contemplate that the area in which there was a dangerous condition was an area reasonably susceptible and open to traversing by pedestrians and the general public.
This court concludes that, as a matter of law, the plaintiff's allegations in both the SEAT and Pringle cases necessarily invoke the defective highway statute, § 13a-149. As such, the plaintiff's exclusive remedy for his injuries is through § 13a-149. Because the complaints in neither case plead § 13a-149, the complaints are legally insufficient. Accordingly, the motion to strike is granted.
Furthermore, because the court concluded that the plaintiff's complaint necessarily invokes § 13a-149 as a matter of law, this court will only have subject matter jurisdiction if the notice provisions of § 13a-149 were complied with. See Pratt v. OldSaybrook, 225 Conn. 177, 180, 621 A.2d 1322 (1993). It is undisputed that the plaintiff did not provide any written notice to any defendant within 90 days of his injury, so therefore, the plaintiff did not comply with the notice requirements of § 13a-149. As a result, in addition to the plaintiff's complaints being legally insufficient, this court lacks subject matter jurisdiction over the action as a whole. See Novicki v. NewHaven, supra, 47 Conn. App. 739.
Accordingly, the defendants' motion to strike (#169) and motion to dismiss (#105) are granted.
Mihalakos, J.