[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Jean Smigala, filed this action against the defendant, Town of Brookfield, on February 1, 2002. The plaintiff alleges the following facts. On January 6, 2000, the plaintiff parked her vehicle in front of a premises in Brookfield, Connecticut. After exiting the car and walking toward the premises, the plaintiff fell and sustained injuries due to a dangerous and defective condition of a catch basin. The plaintiff's one count complaint asserts a cause of action sounding in CT Page 9025 nuisance.
On April 8, 2002, the defendant filed a motion to dismiss claiming that the court lacks subject matter jurisdiction because the plaintiff's exclusive remedy is under the Highway Defect Statute, General Statutes § 13a-149.[1] The defendant also argues that the court does not have subject matter jurisdiction because the plaintiff failed to provide a general description of her injuries in her notice to the defendant. The plaintiff counters that the defendant should have filed a motion to strike because it is testing the legal sufficiency of her claim.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli,Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. That should be done, instead, by a motion to strike. . . ." Pratt v. Old Saybrook,225 Conn. 177, 185, 621 A.2d 1322 (1993).
In situations where a defendant has filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction because the plaintiff's exclusive remedy is under General Statutes § 13a-149, the judges of the Superior Court have held that the defendant is actually attacking the legal sufficiency of the pleadings and not the court's jurisdiction. See Schmid v. Darien, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 157501 (February 24, 2000,D'Andrea, J.); Melzmuf v. Middletown, Superior Court, judicial district of Tolland, Docket No. 070522 (February 3, 2000, Bishop, J.). Moreover, many courts have considered the issue of whether § 13a-149 is a plaintiffs exclusive remedy in the context of a motion to strike. SeeDonohue v. Greenwich, Superior Court, judicial district of New Haven at Meriden, Docket No. 026082 (August 20, 2001, Booth, J.); Boice v. NewBritain, Superior Court, judicial district of New Britain, Docket No. 504976 (June 29, 2001, Shapiro, J.); Anchini v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 148208 (November 29, 2000, Weise, J.); Wenc v. New London, 44 Conn. Sup. 45, 667 A.2d 87
(1994), aff'd 235 Conn. 408, 667 A.2d 61 (1995). CT Page 9026
In claiming that the plaintiff's exclusive remedy is under § 13a-149, the defendant is testing the legal sufficiency of the plaintiff's pleadings and should have filed a motion to strike. Accordingly, the defendant's motion to dismiss is denied.
White, J.