[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motion for Summary Judgment
The defendant Town of Wolcott ("Town") has moved for summary judgment on counts seven, eight, and nine of the complaint contending, in essence, that the exclusive remedy for the plaintiffs allegations is the defective highway statute, General Statutes § 13a-149, which the plaintiffs have failed to invoke. The court agrees with the Town and grants the motion.
The complaint alleges that the plaintiffs, Mr. and Mrs. Richard Szczepanski, suffered injuries on Woodtick Road in Wolcott when the car in which they were driving was struck from the rear by a car driven by defendant Romances Crawford, who was fleeing a high speed police chase conducted by a Wolcott police officer. The police officer, the police chief, and the Town are additional defendants. The complaint also alleges that a Town road crew was repairing Woodtick Road in the area where Crawford's vehicle attempted to pass the plaintiffs vehicle, both of which were southbound. The road crew had three vehicles parked in the northbound lane facing southbound. (Complaint, Count One, ¶¶ 1-19.) Count seven alleges that the Town is liable because it "created or tolerated in Woodtick Rd., [sic] by digging it up or placing or permitting to remain in Woodtick Rd. objects by which the passage of travelers was obstructed or endangered or the highway encumbered, a common nuisance and/or a nuisance in violation of [General Statutes §] 19a-335." (Complaint, Count Seven ¶ 19.)[1]
The Town relies on the underscored language in General Statues §52-557n (a) (1), which provides that a political subdivision of the state shall be liable for damages to person or property caused by:
(A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special CT Page 13605 corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.
(Emphasis added.) Our Supreme Court has construed § 52-557n to provide that "an action under the highway defect statute, § 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision `for damages resulting from injury to any person or property by means of a defective road or bridge.'" Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991).
General Statutes § 13a-149 provides in pertinent part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."[2]
Our Supreme Court has defined a highway defect under this statute as "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." (Internal quotation marks omitted.)Sanzone v. Board of Police Commissioners, supra, 219 Conn. 202. The court has added that "[w]hether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." Id., 201. Because the Town bases its claim on the plaintiffs pleadings, the question here is one of law.[3]
It is undoubtedly true that not every municipal road repair project constitutes a highway defect under the statute. See Salzman v. City ofNew Haven, 81 Conn. 389, 71 A. 500 (1908).[4] On the other hand, a highway defect under the statute need not consist of a defect in the roadway itself, as long as there is a necessary connection to the roadbed. See Sanzone v. Board of Police Commissioners, supra,219 Conn. 202. See also Wenc v. City of New London, 44 Conn. Sup. 45,667 A.2d 87 (1994), aff'd, 235 Conn. 408, 667 A.2d 61 (1995) (allegedly improper location and maintenance of utility pole); Sanzone v. Board ofPolice Commissioners, supra, 200-03 (faulty traffic light). In this case, the plaintiffs have alleged that the Town, by digging up Woodtick Road or by placing "objects" on it or permitting them to remain, "obstructed or endangered" the "passage of travelers" on the highway. These allegations are virtually synonymous with the Supreme Court's definition of a highway defect as "[a]ny object in, upon, or near the CT Page 13606 traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." (Internal quotation marks omitted.) Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 202. Further, the plaintiffs allegations satisfy the essential purpose of the statute, which is to address conditions that might expose a person to danger as a traveler, rather than in some capacity independent of the highway. Id.
Accordingly, the court holds that the allegations of count seven of the complaint state a claim concerning a highway defect within the purview of General Statutes § 13a-149. Because the plaintiffs have not alleged a cause of action under § 13a-149, but instead have alleged nuisance, count seven is insufficient as a matter of law. See Wenc v. City of NewLondon, supra, 44 Conn. Sup. 50. The motion for summary judgment on count seven is granted.
Counts eight and nine allege loss of consortium. A loss of consortium action is not available in conjunction with § 13a-149, which permits recovery only by the injured traveler. Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 199. Therefore, the court also grants the motion for summary judgment on counts eight and nine.
It is so ordered.
 Carl J. Schuman Judge, Superior Court