[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
Pursuant to Practice Book § 10-39 et seq., the defendant City of New Haven has moved to strike the Fifth Count of the plaintiff's Amended Complaint dated October 17, 2002. The subject motion to strike, dated August 1, 2002, was originally directed toward the Fifth Count of the plaintiff's Amended Complaint, dated April 10, 2002. By agreement of the plaintiff and the defendant City of New Haven, the motion to strike is applicable to the Fifth Count of the Amended Complaint dated October 17, 2002, and the parties have authorized the court to proceed by applying the motion to strike to the Amended Complaint dated October 17, 2002.
The defendant, New Haven, argues that the Fifth Count directed toward New Haven, sounds in negligence, and therefore, fails to state a claim upon which relief can be granted. New Haven argues that the plaintiff's sole and exclusive remedy against the municipal defendant is General Statutes § 13a-149, which provides for injuries by means of defective roads and bridges. The plaintiff's injuries in this matter are alleged to have been sustained when she slipped and fell on an accumulation of snow and ice on a sidewalk. The plaintiff also alleges that the City of New Haven owned, controlled, possessed and maintained the property adjacent to or abutting the sidewalk.
The Fifth Count of the Amended Complaint alleges that on February 21, 2000, the plaintiff was a passenger on a Connecticut Transit bus. The plaintiff was injured as she exited by the rear door. As she was exiting from the bus onto the sidewalk, at the corner of Chapel Street and Orange Street, she stepped onto a pile of ice and snow, causing her to fall. The plaintiff pleads that the injuries and damages suffered by her were solely and proximately caused by the negligence and carelessness of the defendant New Haven in various ways, in that New Haven had notice of the defective condition and failed to remedy said defective condition regarding the snow and ice on the sidewalk. The plaintiff further alleges that the defendant New Haven owned, controlled, possessed and maintained the property adjacent to or abutting the sidewalk, and pursuant to a city CT Page 2358 ordinance, was responsible for maintaining said abutting sidewalk and keeping it free and clear of accumulations of ice and snow.
 I
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541-50,427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra, 196 Conn. 108-09. However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallov. Derby Savings Bank, 188 Conn. 281, 285, 449 A.2d 986 (1982).
 II
The granting of a motion to strike is appropriate where General Statutes § 13a-149 is the plaintiff's sole and exclusive remedy. Wencv. New London, 44 Conn. Sup. 45, 50-51 (1995), affirmed, 235 Conn. 408,667 A.2d 61 (1995). The plaintiff in the instant matter concedes that the defendant New Haven correctly characterizes the cause of action alleged CT Page 2359 in the Fifth Count, as one sounding in common-law negligence. The plaintiff also agrees with the defendant that § 13a-149[1] provides the sole and exclusive remedy for this type of claim, in virtually every instance except the present one, where the city is the owner of the property adjoining the sidewalk where the plaintiff fell. In this situation, argues the plaintiff, the defendant New Haven cannot by municipal ordinance shift liability away from itself for common-law negligence. The court in reviewing this argument by the plaintiff notes that while the subject Fifth Count of the Amended Complaint alleges negligence, the Second Count of the plaintiff's Amended Complaint is brought pursuant to § 13a-149, and that in compliance with §13a-149 the plaintiff provided the defendant New Haven with the statutory notice required to inform the defendant of her intent to file an action as provided by § 13a-149.
General Statutes § 7-163[2] permits a municipality, by ordinance, to transfer its legal liability for personal injury claims arising out of "sidewalk slip and falls on snow and ice" to the abutting landowner. The defendant New Haven has passed such an ordinance, now codified as Sec. 2-50 titled Municipal Liability for Ice and Snow on Public Sidewalks. Sec. 2-50 in relevant part reads as follows:
 (a) The City of New Haven hereby adopts the provisions of Public Act No. 81-340, an Act entitled "An Act concerning municipality liability for snow and ice on public sidewalks":
 (b) The City of New Haven shall not be liable to any person injured in person or property caused by the presence of ice or snow on a public sidewalk unless the City of New Haven is the owner or person in possession and control of land abutting such sidewalk, other than land used as a highway or street, provided further the City of New Haven shall be liable for its affirmative acts to such sidewalk . . .
The plaintiff argues that the passage of Sec. 2-50 by the defendant New Haven does not affirmatively shift liability for injuries sustained by a fall of ice and snow to the abutting landowner. She argues that it merely imposes a monetary penalty for violation on a private owner or person in possession or control of land abutting a public sidewalk as provided in Sec. 2-50 (c) (1) and (2) and Sec. 27-9 (c) of the New Haven Code. Sec.27-9 of that code states that "Each owner who shall fail to remove and abate such snow, sleet or ice . . . shall be punished by a fine of one hundred dollars ($100. 00) for each violation."
The court finds that the issue here is not as the plaintiff argues, whether the defendant New Haven can shift liability for ice and snow CT Page 2360 cases, or whether the shifting has any other impact on this case. The relevant issue, as raised by the motion to strike, is whether General Statutes § 13a-149 is the sole and exclusive remedy for the plaintiff's claim in the Fifth Count of the Amended Complaint, which sounds in negligence. The court answers this question in the affirmative.
Sec. 2-50 (c) (1) of the New Haven Code states:
 The owner or person in possession and control of land abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had prior to the effective date of this section [November 21, 1981] and shall be liable to persons injured in person or property where a breach of said duty is the proximate cause of said injury.
If the City of New Haven can be shown to be the owner or person in possession and control of the land abutting the sidewalk where the plaintiff fell, as the plaintiff alleges, then suit can be instituted against the defendant New Haven pursuant to § 13a-149. If the plaintiff, at trial, cannot prove her allegations that the City is the owner or person in possession or control of the property adjacent to or abutting the sidewalk where the plaintiff fell, then the City of New Haven has shifted its responsibility to the private abutting landowner by passage of Sec. 2-50, as authorized by General Statutes § 7-163. The New Haven Code Sec. 2-50 (b) and (c) (1) (2) repeats the relevant language of § 7-163 (b) and (c) (1) (2). When suit is to be instituted against New Haven pursuant to Code Sec. 2-50 (b) and § 7-163, it is to be done only in accordance with the provisions of General Statutes § 13a-149.
Damages for injuries by means of defective roads and bridges includes sidewalks within its purview. Hornyak v. Fairfield, 135 Conn. 619, 621,67 A.2d 562 (1949). A highway defect is any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purposes of traveling thereon, or which, from its nature or position, would be likely to produce that result. Sanzone v.Board of Police Commissioners, 219 Conn. 179, 202, 592 A.2d 912 (1991). Courts have construed the term "defect" to include ice and snow and claims arising from falls because of ice and snowfall to be within the scope of § 13a-149. Bostick v. City of Willimantic, Superior Court, judicial district of Windham at Putnam, No. CV010065265 (January 29, 2002) (Potter, J.), 2002 Ct. Sup. 1226; Monteiro v. Town of EastHartford, Superior Court, judicial district of Hartford, No. CV94 0534950 CT Page 2361 (January 12, 1995) (Corradino, J.), 1995 Ct. Sup. 867,13 Conn.L.Rptr. 285.
General Statutes § 52-557n clearly states that § 13a-149 is the sole remedy for an action against a municipality for a defective road or bridge. General Statutes § 52-557n states in relevant part:
 (a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149
. . .
With any issue of statutory interpretation, our initial guide is the language of the statute itself. Frillici v. Westport, 231 Conn. 418,430-32, 650 A.2d 557 (1994). If its language in drafting and enacting a statute is clear and unambiguous, there is no room for alteration of the legislative decision by the judicial branch . . . Ambriose v. WilliamRaveis Real Estate, Inc., 226 Conn. 757, 764-65 (1993). It is assumed that the words themselves express the intent of the legislature. Mazurv. Blum, 184 Conn. 116, 118-19, 441 A.2d 65 (1981).
The Supreme Court has construed § 52-557n to provide that an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge. Sanzone v. Board of Police Commissioners,supra, 219 Conn. 192; see Cook v. Turner, 219 Conn. 641, 643, 593 A.2d 504
(1991); Steele v. Stonington, 225 Conn. 217, 220, 622 A.2d 551 (1993); see also, Wenc v. New London, supra, 44 Conn. Sup. 51. Several courts have rejected arguments that alternative theories of liability may be alleged in conjunction with a § 13a-149 claim. Pajor v. Wallingford, Superior Court, judicial district of New Haven at New Haven, No. CV94 0366807 (June 19, 1995) (Martin, J.), citing Sanzone v. Board of PoliceCommissioners, supra at 203; Porter v. City of New London, Superior Court, judicial district of New London at New London, Docket No. 528834 (January 6, 1994) (Austin, J.). CT Page 2362
Pajor v. Wallingford, supra, presents a decision by the court where a negligence count was stricken when a plaintiff fell on ice and snow on a sidewalk in front of the Town Hall in Wallingford. The court found that General Statutes § 13a-149 was the plaintiff's sole and exclusive remedy against the defendant municipality. The plaintiff in Pajor had alleged that the sidewalk in front of the Town Hall was under the possession and control of the defendant municipality.
Accordingly, for the reasons set forth herein, the Fifth Count of the Amended Complaint, alleging negligence against the City of New Haven, fails to state a claim upon which relief can be granted. General Statutes § 13a-149 is the plaintiff's sole and exclusive remedy against the defendant municipality. The motion to strike the Fifth Count is hereby granted.
The Court
By Arnold, J.